IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MITCHELL CLYDE FARRELL,

    Petitioner,               No. CIV S-10-0378 MCE GGH P

    vs.

R.E. BARNS

    Respondent.             FINDINGS & RECOMMENDATIONS

/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the 2008 decision by the California Board of Parole Hearings (BPH) finding him unsuitable for parole.

        On January 28, 2011 the undersigned ordered both parties to provide briefing regarding the recent United States Supreme Court decision that found that the Ninth Circuit erred in commanding a federal review of the state's application of state law in applying the "some evidence" standard in the parole eligibility habeas context. Swarthout v. Cooke, 502 U.S. ___, 131 S. Ct. 859, 861 (2011).[1]

\\\\\

---

[1] The earlier citation in the prior order was to Swarthout v. Cooke, 502 U.S. ___, ___ S. Ct. ___, 2011 WL 197627 *2 (Jan. 24, 2011)

1

1    The parties have timely filed briefing, yet for the reasons set forth in the prior
2 order, and notwithstanding petitioner's argument, there is no federal due process requirement for
3 a "some evidence" review, thus the federal courts are precluded from a review of the state court's
4 application of its "some evidence" standard.[2]  A review of the petition in this case, and the
5 accompanying memorandum of points and authorities, demonstrates that it is entirely based on
6 alleged violation of California's "some evidence" requirement.  Therefore, the petition should be
7 denied.

8    Accordingly, IT IS HEREBY RECOMMENDED that the petition be denied.

9    If petitioner files objections, he shall also address if a certificate of appealability
10 should issue and, if so, as to which issues.  A certificate of appealability may issue under 28
11 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a
12 constitutional right."  28 U.S.C. § 2253(c)(2).  The certificate of appealability must "indicate
13 which specific issue or issues satisfy" the requirement.  28 U.S.C. § 2253(c)(3).

14    These findings and recommendations are submitted to the United States District
15 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
16 days after being served with these findings and recommendations, any party may file written
17 objections with the court and serve a copy on all parties.  Such a document should be captioned
18 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
19 shall be served and filed within fourteen days after service of the objections.  The parties are
20 \\\\\
21 \\\\\

---

[2] The court notes some perversity in the result here.  Loss of good-time credits, even for a day, pursuant to decision at a prison disciplinary hearing, must be supported by "some evidence."  Superintendent v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768 (1985).  Assignment to administrative segregation requires the same "some evidence" before such an assignment can be justified.  Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir.2003).  However, a denial of parole eligibility after sometimes decades in prison, and where another opportunity for parole can be delayed for as long as fifteen more years, requires no such protection from the federal due process standpoint.  Nevertheless, such is the state of the law.

1 advised that failure to file objections within the specified time may waive the right to appeal the

2 District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3 DATED: April 12, 2011                    /s/ Gregory G. Hollows

```
                                         _____
                                         GREGORY G. HOLLOWS
                                         UNITED STATES MAGISTRATE JUDGE
```

GGH: AB
farr0378.parole.dis